IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SYLVIA CHRISTENSEN,**　　　　　　　　　　3:15-cv-01751-BR

　　　　Plaintiff,　　　　　　　　　　　　**OPINION AND ORDER**

**v.**

**COMMISSIONER, Social
Security Administration,**

　　　　Defendant.

**SYLVIA CHRISTENSEN**
306 N.E. 104th Ave.
Vancouver, WA 98664
(503) 784-0781

　　　　Plaintiff, *Pro Se*

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

　　　　Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Sylvia Christensen seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her initial application for DIB benefits on May 23, 2011.  Tr. 113.[1]  Plaintiff alleged a disability onset date of August 31, 2000.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 22, 2013.[2]  Tr. 76-109.  Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney at the

---

[1] Citations to the official transcript of record filed by the Commissioner on January 19, 2018, are referred to as "Tr."

[2] On September 20, 2012, Plaintiff filed an application for Supplemental Security Income (SSI).  That application, however, was not before the ALJ, was not addressed in his decision, and is not a part of this review.

2 - OPINION AND ORDER

hearing.

On March 4, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 113-23.

On September 14, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

On May 18, 2016, the Commissioner filed a Motion (#34) to Dismiss Plaintiff's Complaint on the ground that this Court lacked subject-matter jurisdiction based on Plaintiff's alleged failure to exhaust her administrative remedies when she failed to seek review of the ALJ's decision by filing an appeal with the Appeals Council.  In her response to the Commissioner's Motion Plaintiff attached a copy of her request dated April 26, 2013, to obtain such review by the Appeals Council.

On October 17, 2016, the Commissioner filed a Motion (#47) to Withdraw the Motion to Dismiss and to Remand the case to the SSA for further administrative proceedings.

On November 23, 2016, the Court granted the Commissioner's Motion to Withdraw and remanded this case for further administrative proceedings.  Order #50.  The Court also granted Plaintiff leave to reopen this matter following a determination by the Appeals Council and a final decision by the Commissioner.

On May 1, 2017, Plaintiff filed a Motion (#56) to Reopen this case.

3 - OPINION AND ORDER

On June 13, 2017, the Commissioner filed a Motion (#63) to Remand this case to the SSA based on the Appeals Council's premature denial of Plaintiff's request for review.

On July 25, 2017, the Court granted the Commissioner's Motion to Remand, held Plaintiff's Motion to Reopen in abeyance, and set a schedule for further action before the SSA.

On October 27, 2017, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 13, 2017, the Commissioner filed a Response (#75) to Plaintiff's Motion to Reopen in which she conceded Plaintiff had exhausted her administrative remedies and that the case was ripe for review in this Court. Thus, the Commissioner did not oppose Plaintiff's Motion to Reopen.

On November 16, 2017, the Court granted Plaintiff's Motion to Reopen, set a schedule for the Commissioner to file an Answer and Administrative Record, and set a briefing schedule for the parties to address the merits of the case.

On March 21, 2018, Plaintiff filed a document titled "Opening Brief" (#92) that was, in fact, a letter dated February 24, 2018, in which Plaintiff asked for an extension of time to file her brief. The Court construed Plaintiff's "Opening Brief" (#92) as a motion for extension of time and denied the

4 - OPINION AND ORDER

motion as moot. On the same date Plaintiff filed a document titled "Response to Defendant's Answer" (#93), which the Court construes as Plaintiff's Opening Brief.

On April 6, 2018, the Commissioner filed her Response Brief (#96).

On May 7, 2018, Plaintiff filed her final Reply Brief (#100). The Court took this matter under advisement on May 7, 2018.

## BACKGROUND

Plaintiff was born on August 20, 1959. Tr. 129. Plaintiff was 53 years old at the time of the hearing. Plaintiff completed three years of college. Tr. 268. She has past work experience as a gas-station attendant and a director of broadcasting. Tr. 104.

Plaintiff alleges disability due to brain damage, anxiety, and a fractured spine. Tr. 129.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 117-22.

## STANDARDS

The initial burden of proof rests on the claimant to

5 - OPINION AND ORDER

establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and

resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

7 - OPINION AND ORDER

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

The ALJ found Plaintiff was last insured on December 31, 2008, pursuant to the requirements of the Social Security Act. Tr. 115.

At Step One the ALJ found Plaintiff had engaged in substantial gainful activity from January 1, 2003, through December 31, 2003.  The ALJ, however, also found there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity prior to the date she was last insured.  Tr. 115-16

At Step Two the ALJ found Plaintiff has the severe impairments of "closed head injury with mild post-concussive syndrom and two seizures complicated by concurrent use of two

9 - OPINION AND ORDER

anticonvulsants, and situational induced seizure syndrome."
Tr. 116.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 34. The ALJ found Plaintiff has the RFC to perform light work. The ALJ also found Plaintiff should avoid even moderate exposure to workplace hazards, including heights. Tr. 117.

The ALJ found Plaintiff had past relevant work as a director of broadcasting. Tr. 122. At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work. Tr. 122.

Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 123.


## DISCUSSION

Plaintiff did not make any specific assignments of error by the ALJ in either her Response Brief (#93) or her Reply Brief (#100). Plaintiff merely contends she became disabled in October 2001, but she does not cite to specific evidence of disability and fails to explain her allegation that the ALJ's decision is not supported by substantial evidence in the record.

As noted, the ALJ found Plaintiff was last insured on December 31, 2008, pursuant to the requirements of the Social Security Act. Tr. 115. Accordingly, the disability period in question is from the alleged onset date of August 31, 2000, through the date Plaintiff was last insured on December 31, 2008. *See* 42 U.S.C. § 423 (a)(1)(A)(requiring individuals to have insurance coverage at the time of disability in order to receive Title II DIB benefits). Thus, Plaintiff must establish she was disabled on or before December 31, 2008.

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

The ALJ evaluated the medical evidence and concluded:

> [T]he record reflects only three seizures between 2000 and 2008. In addition, the record shows these seizures were not caused by an epileptic condition, but rather appear to have been caused by situational stressors or alcohol use, and [Plaintiff] recovered from these seizures without any long term or ongoing effects.

Tr. 119.

Although Plaintiff argues she has a "long history and

11 - OPINION AND ORDER

records show many seizures occurred," she describes only a seizure in September 2012 for which she declined hospitalization. The ALJ pointed out that Plaintiff experienced a significant decline in her functioning after a motor-vehicle accident in 2010, and Plaintiff's next seizure occurred in January 2011 while in court.  Tr. 118, 120.  Thus, these incidents occurred after December 31, 2008, the relevant period of Plaintiff's disability claim.

    The ALJ gave little weight to the medical opinion of Julia Wong-Nagan, Ph.D., who stated in her September 15, 2011, report that Plaintiff was "unemployable."  Tr. 883-88.  The Court points out that Dr. Wong-Nagan's opinion, however, was dated after the relevant claim period.  In fact, the record does not contain any medical opinions for the relevant claim period that indicate Plaintiff was unemployable or had greater limitations than the ALJ identified.

    The ALJ also engaged in the required analysis as to the credibility of Plaintiff's testimony and provided specific, clear, and convincing reasons for finding that her testimony was not entirely credible.  Tr. 118.  For example, the ALJ noted Plaintiff was able to care for her teenage boys, ages 10 through 18, during the relevant period and assisted significantly in her

boyfriend's business organizing the bookkeeping and spreadsheets. Plaintiff also left her prior employment for reasons unrelated to any alleged disabling impairments.

On January 17, 2017, Plaintiff submitted additional evidence to the Appeals Council.  The Appeals Council, nevertheless, denied Plaintiff's request for review and concluded some of the "additional" evidence was already a part of the record and had been considered by the ALJ or that the evidence did not relate to Plaintiff's relevant claim period.  Tr. 3-9.

This Court concludes the ALJ properly evaluated the medical evidence relevant to the period of Plaintiff's claim and the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony.  On this record, therefore, the Court concludes the ALJ's disability determination is based on proper legal standards, his findings are supported by substantial evidence in the record as a whole, and Plaintiff has failed to point to specific evidence in the record that supports her claim that she was disabled before December 31, 2008.

Accordingly, the Court concludes  ALJ did not err when he found Plaintiff was not disabled during the relevant claim period of August 31, 2000, to December 31, 2008.

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 24th day of May, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge